Steven D. Crawley (0750)
P.O. Box 901468
Sandy, Utah 84090-1468
Tele: (801) 580-3222
steven@crawleylaw.net
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER VOLZER, | ) | COMPLAINT |
| Plaintiff, | ) | |
| v. | ) | Case No.: 1:14-cv-00092-DN |
| | ) | Judge David Nuffer |
| DIVERSIFIED CONSULTANTS, INC., | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, CHRISTOPHER VOLZER (Plaintiff), through his attorney, Steven D. Crawley, alleges the following against Defendant, DIVERSIFIED CONSULTANTS, INC. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, et seq. ("TCPA").

3. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to

1

private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, Mims, 132 S. Ct. at 744.

6. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 638 (7th Cir. 2012).

2

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k.

8. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

9. This Court has jurisdiction over Plaintiff's TCPA claim pursuant to *Mims v. Arrow Financial Svcs. LLC*, 132 S. Ct. 740, 2012 WL 125249 (Jan. 18, 2012).

10. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

11. Plaintiff is a natural person residing in Clearfield, Davis County, Utah.

12. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

13. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153 (10).

14. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

15. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

16. Defendant is, and at all times mentioned herein, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10).

17. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

18. Defendant is a collection agency headquartered in Jacksonville, Duval County, Florida.

19. Defendant is a business entity engaged in the collection of debt within the State of Utah.

20. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding

account balances.

21. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

22. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

23. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

24. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

25. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

26. Defendant is attempting to collect a consumer debt from Plaintiff, originating from a Dish Network bill.

27. The alleged debt owed arises from transactions for personal, family, and household purposes.

28. In or around April 2014, Defendant began placing collection calls to Plaintiff.

29. Defendant calls Plaintiff on Plaintiff's cell phone at 801-589-12xx in an attempt to collect the alleged debt.

30. Defendant also calls Plaintiff's work phone at 801-259-11xx.

31. Defendant calls Plaintiff from 801-386-5868 and 801-386-9553, which are both Defendant's numbers.

32. On May 22, 2014, Plaintiff answered Defendant's phone call placed to Plaintiff's cell

phone.

33. When Plaintiff answered the aforementioned phone call, Plaintiff repeatedly said, "Hello," before being connected with one of Defendant's collectors.

34. When Plaintiff repeatedly said, "Hello," during the aforementioned phone call, there was dead air for a few seconds, and then the call was connected to Patrick, one of Defendant's collectors.

35. During the aforementioned call to Plaintiff's cell phone, Plaintiff disputed the debt and told Patrick to stop calling.

36. Specifically, Plaintiff told Patrick, "do not call me, I will call you."

37. Despite this dispute, Patrick continued to demand immediate payment and threatened to negatively affect Plaintiff's credit.

38. Patrick also made insulting and embarrassing statements to Plaintiff, in an effort to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owes.

39. Despite being instructed by Plaintiff to stop placing collection calls, one of Defendant's collectors called Plaintiff on Plaintiff's work phone only a few minutes after the aforementioned call to Plaintiff's cell phone was disconnected.

40. On May 22, 2014, one of Plaintiff's attorneys mailed a cease and desist letter to Defendant at 10550 Deerwood Park Blvd., Suite 309, Jacksonville, FL 32256. See letter attached as Exhibit A.

41. 10550 Deerwood Park Blvd., Suite 309, Jacksonville, FL 32256 is an address that is known to be Defendant's address.

42. Despite having received Plaintiff's cease and desist letter, Defendant continued to place collection calls to Plaintiff on numerous occasions, including but not limited to calls placed

to Plaintiff on May 27, 2014 and May 30, 2014.

43. Defendant calls Plaintiff at an annoying and harassing rate, usually placing calls to both Plaintiff's cell phone and work phone within the same hour.

44. Defendant called Plaintiff using an autodialer system.

45. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

46. Defendant used the LiveVox system to make collection calls to Plaintiff.

47. Each morning, Defendant's employee loads into the LiveVox system approximately three to three-and-one-half million phone numbers.

48. Using the LiveVox system, Defendant calls upwards of ninety percent of those phone numbers on a daily basis.

49. The inputted phone numbers are stored until midnight, when they are wiped from the system.

50. The LiveVox system selects the numbers to be called according to a protocol or strategy entered by Defendant.

51. When a call is answered, the LiveVox dialing system connects the called party with a live representative of Defendant.

52. When Defendant's representative is ready to begin communicating with debtors, the representative logs into the LiveVox system and toggles a button within the application indicating that the representative is ready to receive live callers.

53. Using a pre-programmed algorithm designed to limit the amount of time between calls, LiveVox begins to simultaneously call multiple debtors.

6

54. Defendant's representative receives an audible "beep" in their headset once the LiveVox system connects with a debtor and transfers the call.

55. The LiveVox dialing system "operates exactly as a predictive dialer would."

56. Plaintiff never provided Plaintiff's cellular telephone number to Defendant and never provided Plaintiff's consent to Defendant to be contacted on Plaintiff's cellular telephone.

57. If Defendant at one time had consent to place calls to Plaintiff's cellular telephone number, it no longer has consent to call Plaintiff after being instructed by Plaintiff to cease all calls to him.

58. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

59. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

60. Plaintiff is not a customer of Defendant's services, has never provided any personal information, including Plaintiff's cellular telephone number, to Defendant for any purpose whatsoever.

61. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on Plaintiff's cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

62. Despite this, Defendant continued to place repeated collection calls to Plaintiff, on Plaintiff's cellular telephone, using an "automated telephone dialing system."

63. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owes.

64. The natural consequences of Defendant's statements and actions was to produce an

unpleasant and/or hostile situation between Defendant and Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

1. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692c(c) of the FDCPA by communicating with a consumer after receiving notification, in writing, that the consumer wishes the debt collector to cease further communication when Defendant continued to place repeated collection calls to Plaintiff, despite Defendant having received a cease and desist request and letter;

    b. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt by continuing to place collection calls to Plaintiff after repeatedly being told to stop calling;

    c. Defendant violated §1692d(2) of the FDCPA by making statements to Defendant that the natural consequence of which was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff when Defendant made insulting and embarrassing statements to Plaintiff, in an effort to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owes; and

    d. Defendant violated §1692d(5) of the FDCPA by causing the telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass any person when Defendant placed collection calls to both Plaintiff's cell phone and work phone within the same hour.

2. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

3. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, CHRISTOPHER VOLZER, respectfully requests judgment be entered against Defendant, DIVERSIFIED CONSULTANTS, INC., for the following:

4. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

5. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

6. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

1. Plaintiff repeats and re-alleges paragraphs 1-64 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

2. Defendant's conduct violated the TCPA by:
   a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

3. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

4. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

5. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, CHRISTOPHER VOLZER, respectfully requests judgment be entered against Defendant, DIVERSIFIED CONSULTANTS, INC., for the following:

6. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

7. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

8. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

9. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

July 7, 2014                         By:/s/ *Steven D. Crawley*
                                     Steven D. Crawley
                                     Attorney for Plaintiff

# **<u>EXHIBIT A</u>**



22 W. Washington Street  
Suite 1500  
572-0176  
Chicago, IL 60602  

Local: 312-224-4695  
Toll-free: 888-  

Fax: 312-253-4451  
www.agrusslawfirm.com  
pooja@agrusslawfirm.com  

May 22, 2014

Diversified Consultants, Inc.  
10550 Deerwood Park Blvd.  
Suite 309  
Jacksonville FL 32256  

Re:    Chris Volzer  
        Tel: 801-589-1243  

To Whom It May Concern:

Please stop all further communications with Chris Volzer. Diversified Consultants, Inc. has been placing collection calls to the above listed number.

Sincerely,


Pooja Dosi



